IN THE UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEITH V. OTTO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:21-CV-00948-ALM |
| | § | |
| COLLIN COLLEGE, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S SECOND MOTION FOR PARTIAL DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Collin County Community College District, the Defendant in the above-styled and numbered cause, and hereby files this its Second Motion for Partial Dismissal Pursuant to Federal Rule 12(b)(6) and Brief in Support (the "Second Motion"), and would respectfully show the Court as follows:

**I.
INTRODUCTION**

Collin County Community College District ("Defendant" or "Collin College") employed Keith V. Otto ("Plaintiff" or "Otto") as a business advisor at the Small Business Development Center ("SBDC") from May 2015 until his termination on October 11, 2018. Over three years later, Plaintiff, proceeding *pro se*, filed the present lawsuit against Collin College alleging various types of discrimination as well as claims under the Family Medical Leave Act ("FMLA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").[1] Claims under Section 504 and the FMLA, however, are subject to a two-year limitations period. *See* 29 U.S.C. § 2617(c); *Frame v. City of*

---

[1] *See* Plaintiff's Original Complaint, Dkt. 3 at § I, p. 1; §§ II, p. 2; III(C) ¶ 5, p. 5; and at § IV(B) ¶ 2, p. 7.

*Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). Accordingly, Collin College filed a motion to dismiss Plaintiff's time-barred claims.[2] Following two months of delay, Plaintiff secured counsel and Magistrate Judge Nowak granted Plaintiff an opportunity to replead.[3] In doing so, during the management conference Magistrate Judge Nowak cautioned Plaintiff's counsel to consider the limitations issues raised by Collin College before filing an amended pleading.[4] Nevertheless, Plaintiff necessitated this motion by including the time-barred claims and other new baseless claims in his Amended Complaint.[5]

## II.
## BACKGROUND

On December 6, 2021, Collin College filed its Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support (the "First Motion") asking this Court to dismiss Plaintiff's time-barred claims under Section 504 and the FMLA (collectively, the "Challenged Claims") before filing its Answer subject thereto.[6] On January 4, 2022, Plaintiff filed a request to extend various deadlines to the Order Governing Proceedings (Dkt. 12) as well as his deadline to respond to the First Motion (the "Request").[7] The Request states that "Defendant's counsel agreed in late December 2021 to extend deadlines by thirty days."[8] However, Defendant's counsel never agreed to extend Plaintiff's deadline to respond to the First Motion.[9]

---

[2] *See* Defendant's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support, Dkt. 10.
[3] *See* Minute Entry for proceedings held before Magistrate Judge Christine A. Nowak: Rule 16 Management Conference and Motion Hearing Dkt. 10 held on 02/11/2022 by videoconference.
[4] *See id.*
[5] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 93–103.
[6] *See* Defendant's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Brief in Support, Dkt. 10; Defendant's Answer to Plaintiff's Complaint, Dkt. 11.
[7] Request for Extension of All Deadlines Set Forth in Order Governing Proceedings, Including But Not Limited To Opposing Pending Motion for Partial Dismissal of Complaint, Dkt. 15.
[8] Request, Dkt. 15.
[9] Rather, Plaintiff asked counsel for Defendant via email whether Defendant "agrees to extend by a least a month each of the deadlines set before Magistrate 'Christine A. Nowak' Order Governing Proceedings" [sic]. Counsel for

The Court granted Plaintiff's Request in part setting Plaintiff's deadline to respond to the First Motion as January 24, 2022 and set it for hearing concurrent with the Rule 16 management conference on January 25, 2022.[10] The day before the hearing, Plaintiff requested it be delayed an additional two weeks due to a health issue.[11] The Court granted Plaintiff's request to move the hearing and reset the Rule 16 Management conference and hearing on the First Motion to February 11, 2022.[12] The Court's Order did not, however, move Plaintiff's deadline to respond to the First Motion.[13] Plaintiff did not file a response to the First Motion.

Plaintiff obtained counsel who immediately requested a continuance of the hearing on the First Motion.[14] During the proceedings held on February 11, 2022, Magistrate Judge Nowak granted Plaintiff leave to amend his complaint but cautioned Plaintiff's counsel to appropriately consider the limitations/exhaustion issues identified in Defendant's prior Motion to Dismiss when filing an amended complaint.[15] Nevertheless, Plaintiff's Amended Complaint re-asserts the Challenged Claims without including any legitimate justification.[16] The Amended Complaint also

---

Defendant responded by informing Plaintiff that the Parties "cannot unilaterally agree to move these deadlines" but counsel for Defendant "[would] not oppose a one-time, 30-day request for a continuance if such a request is made prior to the entry of a scheduling order." Exhibit A, December 22, 2021 Email Chain Between Counsel for Defendant and Plaintiff. Indeed, even if Plaintiff understood counsel for Defendant's offer not to oppose a motion for continuance as an agreement to move deadlines, counsel for Defendant did so in response to Plaintiff's request which was limited to the deadlines in the Order Governing Proceedings—which makes no mention of Plaintiff's deadline to respond to Defendant's First Motion.

[10] Order, Dkt. 16.
[11] Plaintiff's Request for a 2 Week Continuance/Extension to Respond to Defendants Pending (1) Motion for Partial Dismissal and (2) Rule 16 management Conference Pursuant to Federal Rules of Civil Procedure, Dkt. 17. Defendant did not oppose this request.
[12] Order, Dkt. 19.
[13] *See* Order, Dkt. 19.
[14] Opposed Motion to Continue Hearing, Dkt. 23.
[15] *See* Minute Entry for proceedings held before Magistrate Judge Christine A. Nowak: Rule 16 Management Conference and Motion Hearing Dkt. 10 held on 02/11/2022 by videoconference.
[16] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 93–103.

adds claims under Title VI and the 14th Amendment.[17] Plaintiff's filing of an Amended Complaint mooted Defendant's First Motion, requiring Defendant to again challenge these baseless claims.

## III.
## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court has authority to dismiss a suit when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The purpose of Rule 12(b)(6) is to eliminate baseless claims and "**streamline litigation by dispensing with needless discovery and factfinding** . . ." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). The United States Supreme Court emphasized in *Bell Atlantic Corp. v. Twombly*, that when a plaintiff's own allegations fail to state a claim, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." 550 U.S. 544, 558 (2007) (citations omitted).

Specifically, dismissal is proper for failure to state a claim if the plaintiff's complaint demonstrates that the plaintiff cannot prove any set of facts that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401–02 (5th Cir. 1996). In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true, and views them in the light most favorable to the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993). The Court, however, will not strain to find inferences favorable to the plaintiff and will not accept conclusory allegations, unwarranted deductions, or legal conclusions. *Id.* To survive a motion to dismiss, Plaintiff must plead factual allegations that—when accepted as true—are plausible and enough to

---

[17] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 74–78 and ¶¶ 104–107.

rise above mere speculation. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–80 (U.S. 2009); *Twombly,* 550 U.S. at 555–56; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## IV.
## ARGUMENTS AND AUTHORITIES

**A.   Plaintiff's Tolling Argument is Baseless.**

In his Amended Complaint, Plaintiff argues that, except for his Section 1981 claim,[18] all of his remaining "federal claims were tolled during the period the case was under the purview of the Texas Workforce Commission and United States Equal Employment Opportunity Commission."[19] In doing so, Plaintiff cites to a single case, *Johnson v. Ry. Exp. Agency, Inc.*,[20] to support this new universal "tolling" argument.[21] However, Plaintiff grossly mischaracterizes the *Johnson* holding in an attempt to save Plaintiff's time-barred claims.

The *Johnson* case held that a charge of discrimination timely filed with the EEOC does *not* toll the limitations period for a Section 1981 claim. 421 U.S. 454, 466 (1975). The opinion contains no language supporting Plaintiff's argument that a charge of discrimination timely filed with the EEOC tolls any other federal claims. Indeed, the logic of the *Johnson* case is particularly inapplicable to Plaintiff's statutory FMLA and Section 504 claims in this case because those claims do not have the same exhaustion requirements as Title VII and ADA claims. To the contrary, the Supreme Court in *Johnson* "reasoned that filing a Title VII claim with the EEOC did not toll the statute of limitations for a claim under 42 U.S.C. § 1981 based on the same facts, because § 1981 and Title VII represent two separate remedies that must be preserved independently, and § 1981 claims do not require filing with the EEOC." *Zavala v. Silverleaf Resorts, Inc.*, No. 3:16-CV-

---

[18] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 7. Defendant does not currently challenge Plaintiff's § 1981 claims.
[19] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶ 7.
[20] Plaintiff incorrectly cited this case as being decided in 1995, when it was actually decided in 1975.
[21] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶ 3–8.

03186-M, 2018 WL 6252551, at *2 (N.D. Tex. Nov. 2, 2018), *report and recommendation adopted,* No. 3:16-CV-03186-M-BT, 2018 WL 6250547 (N.D. Tex. Nov. 29, 2018) (discussing *Johnson*, 421 U.S. 454 (1975)). Plaintiff's Amended Complaint provides no other authority for the proposition that any of his other federal claims are tolled by the filing of a discrimination charge. Accordingly, Plaintiff's argument that his timely filing of an EEOC charge tolls all of Plaintiff's federal claims (except for those under Section 1981) fails.

**B.     Dismissal of all FMLA Claims is Proper.**

An individual alleging a violation of the FMLA must bring a claim within two years of the alleged violation, unless the claimant alleges that the violation was "willful," in which case the statute of limitations is three years from the date of the purported violation. 29 U.S.C. § 2617(c). *See also Mozingo v. Oil States Energy, Inc.*, 661 F. App'x. 828, 830 (5th Cir. 2016). Here, Plaintiff's claims under the FMLA must be dismissed as his Complaint was not filed until over three years after his termination, and thus necessarily after the three-year limitations period expired, even if the longer period applies (which it does not).

(1)     <u>Plaintiff Has Not Pled that Defendant "Willfully" Violated the FMLA.</u>

Even though the FMLA does not define the term "willful," the Fifth Circuit unambiguously requires a plaintiff to "show that his employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Mozingo*, 661 F. App'x at 830 (quoting *Henson*, 128 F. App'x at 393) (citation omitted). Failing to identify such facts will not support an extension of the statute of limitations from two to three years. *See id.* (upholding summary judgment on Plaintiff's FMLA claims as time-barred when Plaintiff "identified no evidence that [his employer] either knew or showed reckless disregard as to whether its wait-and-see approach to sending the paperwork violated the FMLA").

Here, Plaintiff has not plead any facts alleging that Defendant either knew it violated the FMLA or that it showed reckless disregard for the FMLA.[22] Plaintiff's subjective belief of any alleged FMLA violations is not sufficient. Neither has Plaintiff pled that Defendant violated the FMLA "willingly."[23] Accordingly, the appropriate statute of limitations for Plaintiff's FMLA claims is two years.

    (2)    <u>Plaintiff's FMLA Claims are Time-Barred.</u>

Plaintiff's Amended Complaint mischievously changed the date which Plaintiff pled he was terminated in a brazen attempt to evade a motion to dismiss. In his Original Complaint, Plaintiff stated (in a separate isolated paragraph with bold type, no less) that he "was employed by Defendant from May 13, 2015 until October 11, 2018.[24] The Original Complaint also contained the Plaintiff's statement that "[i]n late December, 2018, the College upheld [his supervisor's] termination of [his] employment."[25] In his First Amended Complaint, however, Plaintiff states that "in late December of 2018, [he was] terminated from employment at the College."[26] Plaintiff's mischaracterization of the College's grievance process (where he received an opportunity to grieve various complaints against his supervisor) does not change his actual termination date. Given that Plaintiff originally pled October 11, 2018 as his termination date and claimed that the termination was supposedly "upheld" in December 2018 (after termination), the Amended Complaint's convenient confusion of these two dates should be disregarded.

Assuming *arguendo* and for purposes of this Motion to Dismiss only that Plaintiff was terminated in December 2018, the last possible date for any alleged adverse action against Plaintiff

---

[22] *See* Plaintiff's Amended Complaint, Dkt. 29 at ¶¶ 3–8, 12–73, 101–103.
[23] *See* Plaintiff's Amended Complaint, Dkt. 29 at ¶¶ 101–103.
[24] Plaintiff's Original Complaint, Dkt. 3, at pg. 6.
[25] Plaintiff's Original Complaint, Dkt. 3, at pg. 3.
[26] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 3.

would be the last date of his employment—which would be December 31, 2018 at the latest. Accordingly, the last date for Plaintiff to file suit asserting his FMLA claim would be December 31, 2020. 29 U.S.C. § 2617(c). Given that Plaintiff did not file his lawsuit until November 4, 2021 and he has not pled any facts supporting a "willful" violation, Plaintiff's FMLA claims are time barred and must be dismissed. *See Braziel v. Medtronic, Inc.*, 4:12CV426, 2012 WL 4092600, at *4 (E.D. Tex. Aug. 22, 2012), *report and recommendation adopted*, 4:12CV426, 2012 WL 4092611 (E.D. Tex. Sept. 17, 2012) (dismissing FMLA claims when Plaintiff identified actions occurring between two and three years prior to filing suit, but Plaintiff failed to plead "facts that would support a finding of a willful violation" to impose the three-year limitations period) (citing *Henson v. Bell Helicopter Textron, Inc.,* 128 F. App'x 387, 392–93 (5th Cir. 2005)). Even if the three-year statute of limitations were to apply (which it does not), Plaintiff did not timely assert his FMLA claims given his October 11, 2018 termination date.

Plaintiff's tolling argument does not save his FMLA claims. The Court's reasoning in *Johnson v. Ry. Exp. Agency, Inc* does not support Plaintiff's tolling his FMLA claims because "there is no administrative exhaustion prerequisite for FMLA lawsuits." *Johnson v. Lear Corp.*, No. 4:21-CV-00455-P-BP, 2021 WL 4557467, at *3 (N.D. Tex. Sept. 17, 2021), *report and recommendation adopted sub nom. Johnson v. Lear Corp.*, No. 4:21-CV-00455-P, 2021 WL 4552251 (N.D. Tex. Oct. 5, 2021). Indeed, a timely-field claim with the EEOC does not toll the statute of limitations for FMLA claims. *See id.* (quoting *Zavala*, 2018 WL 6252551, at *2) ("Plaintiff's EEOC filing did not toll the statute of limitations for his FMLA claim because the FMLA does not require plaintiffs to exhaust their administrative remedies prior to filing a lawsuit."). Accordingly, Plaintiff's "tolling" argument fails as to his FMLA claim and his FMLA claims must be dismissed as untimely.

**C.     Plaintiff's Section 504 Are Time-Barred and Must be Dismissed.**

Section 504 of the Rehabilitation Act ("Section 504") prohibits disability discrimination by recipients of federal funding. 29 U.S.C. § 794(a). In Texas, a two-year limitations period applies to claims brought under Section 504. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). Even accepting Plaintiff's altered factual allegation that he was terminated in December 2018 rather than on October 11, 2018, the limitations period on Plaintiff's Section 504 claim expired at the very latest on December 31, 2020. *See Frame*, 657 F.3d at 238 ("In other words, accrual occurs the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.") (citation omitted).

Although Section 504 and the ADA share many similarities, plaintiffs are not required to exhaust administrative remedies to assert a claim under Section 504 like they must under the ADA. *See Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015) ("Although a plaintiff must exhaust his or her administrative remedies before pursuing a Rehabilitation Act claim against a federal *agency*, it need not do so before suing a federal *grantee*."). Plaintiff could have filed suit asserting a claim under Section 504, before or during the time period he exhausted administrative remedies for his claims before the EEOC, but he chose not to do so. Rather, Plaintiff chose not to file or take any timely action on his Section 504 claim.

Even using Plaintiff's newly pled (and incorrect) "December 2018" termination date, Plaintiff waited at least 1,039 days after his termination from Defendant's employment and 308 days after the limitations period ended to assert his Section 504 claim. Such dilatory conduct is prejudicial to the defense of such a claim and all of Plaintiff's Section 504 claims should be dismissed for failure to state a claim upon which relief may be granted. *See generally, Kelly v. Hines*, CV H-16-132, 2017 WL 1164334, at *4 (S.D. Tex. Mar. 29, 2017) (granting motion to

dismiss ADA and Rehabilitation Act claims when plaintiff resigned three years before filing suit); *Nase v. Bucks Cnty. Hous. Auth.* No. 16-02417, 2016 WL 5390648, at *4 (E.D. Pa., Sept. 26, 2016) (granting motion to dismiss on *sua sponte* grounds that Section 504 claims were filed approximately 35 days after the statute of limitations period).

### D. Plaintiff's Claims for Monetary Relief under Section 504 and the ADA Fail.

The ADA and the Rehabilitation Act both provide a private right of action for both monetary damages and injunctive relief due to disability discrimination. *Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 574 (5th Cir. 2018) (collecting cases). The elements of both causes of action require a plaintiff to prove: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Id.* (citing *Hale v. King*, 642 F.3d 492, 499 (5th Cir .2011) (per curiam)). However, under both statutory schemes, a plaintiff may only recover compensatory damages "upon a showing of intentional discrimination." *Id.* (quoting *Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002)). In order to prove intent, courts in the Fifth Circuit generally require "something more than 'deliberate indifference' to show intent." *Id.* at 575 (collecting cases).

On the face of Plaintiff's Complaint, Plaintiff alleges various facts detailing the ways in which he believes his supervisor and Collin College "did not fully accommodate" his disabilities and how his accommodation request "was not handled properly."[27] Plaintiff does not, however, plead any facts indicating nor does he otherwise claim that such acts and/or omissions constituted intentional discrimination solely because of his disability. Accordingly, even if Plaintiff's Section

---

[27] Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 45–58.

504 claims were not time-barred, Plaintiff has failed to state a claim for compensatory relief under Section 504 and these claims must be dismissed. Likewise, Plaintiff has failed to state a claim for compensatory relief under the ADA and these claims must also be dismissed.

### E. Plaintiff's Claims under the Fourteenth Amendment Must Be Dismissed.

Plaintiff generally alleges that Collin College violated his civil rights under both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.[28] In doing so, Plaintiff does not identify the civil rights purportedly violated nor the factual circumstances surrounding such a violation.[29] However, Plaintiff vaguely claims the "acts and omissions of staff persons evidence a failure of Collin College to provide appropriate training and supervision to staff" and that Defendant "singularly discriminated against Keith Otto as a class-of-one in failing to keep him safe."[30] Accordingly, it appears that Plaintiff's new Fourteenth Amendment claims arise out of the "assault" narrative included in his Amended Complaint.[31]

(1) <u>Plaintiff Fails to State a Due Process Claim.</u>

Claims brought under the Due Process Clause of the Fourteenth Amendment take two forms: procedural due process and substantive due process. In order to successfully plead a procedural due process claim, "a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001) (citing *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir.1991)). Likewise, successfully pleading a substantive due process claim requires a plaintiff to "first establish the existence of a property interest protected by the Fourteenth Amendment." *State Mach. & Equip. Sales Inc. v. Livingston Par.*, 352 F. App'x

---

[28] Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 104–07.
[29] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 104–07.
[30] Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 106–07.
[31] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 30–38.

888, 889 (5th Cir. 2009) (quoting *Conroe Creosoting Co. v. Montgomery County, Tex.,* 249 F.3d 337, 341 (5th Cir. 2001). Plaintiff's Amended Complaint makes generalized allegations that his rights were violated, but Plaintiff never specifically identifies such rights. Accordingly, Plaintiff fails to state a claim for relief under the Due Process Clause of the Fourteenth Amendment and dismissal of such claims is warranted.

(2) Plaintiff Fails to State a "Class of One" Equal Protection Claim.

Plaintiff describes his Equal Protection claim as a "class of one" claim in which he alleged that Defendant "singularly discriminated against [Plaintiff] as a class-of-one in failing to keep him safe."[32] An Equal Protection "class of one" claim requires a plaintiff to allege: "(1) the defendant intentionally treated plaintiff differently from others similarly situated and (2) the defendant lacked a rational basis for the difference in treatment." *Thompson v. Morgan*, 698 F. App'x 169, 170 (5th Cir. 2017) (dismissing Plaintiff's claim when the complaint "generally alleges that [another] received more favorable treatment" without "any specific factual allegations" about the other being "similarly situated in all material respects") (citing *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012)). Indeed, a plaintiff must plead facts in the complaint alleging "the existence of purposeful discrimination motivating the state action which caused the alleged injury" to sustain a "class of one" claim. *Id.* (citing *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (internal citations and quotation marks omitted)). Here, Plaintiff did not plead any facts alleging Defendant intentionally treated Plaintiff differently with regards to safety, that Defendant lacked a rational basis for any such different treatment, that purposeful discrimination "motivated" any specific act causing an injury, nor that any other individual who was purportedly treated "better" was similarly

---

[32] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 107.

situated. Accordingly, Plaintiff has failed to state a "class of one" Equal Protection claim and it must be dismissed.

(3) <u>The Investigation Report Renders Plaintiff's Fourteenth Amendment Claims Baseless.</u>

When evaluating a motion to dismiss, this Court may "go outside the complaint" by considering "documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Charboneau v. Box*, No. 4:13-CV-678-ALM-CAN, 2016 WL 454898, at *2 (E.D. Tex. Feb. 5, 2016), *report and recommendation adopted,* No. 4:13-CV-678, 2017 WL 1159765 (E.D. Tex. Mar. 29, 2017) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). *See also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) ("When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, however, the court can also properly consider those documents.") (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). When a defendant attaches such a document to a motion to dismiss, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Inclusive Communities Project, Inc.*, 920 F.3d at 900 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)).

For example, in *Saldivar v. Johnson,* a case stemming from a federal agency's internal investigation of an employee, the father of a federal employee brought claims alleging various torts and civil rights violations surrounding an investigation performed by the employing federal agency. No. CV B: 13-64, 2014 WL 12616095 (S.D. Tex. Aug. 19, 2014), *report and recommendation adopted sub nom. Luna Saldivar v. Johnson*, No. CV B-13-064, 2014 WL 12616096 (S.D. Tex. Sept. 17, 2014). The *Saldivar* defendants moved to dismiss the lawsuit and

attached "copies of the investigative reports that form the [complaint's] factual basis" to the motion. *Id.* at *1. The Court considered the exhibits and dismissed the plaintiff's complaint without "converting the motion to dismiss into one for summary judgment." *Id.* at fn. 4.

In his Amended Complaint, Plaintiff alleges that a co-worker "assaulted" him during a staff meeting and, in doing so, relies on Defendant's investigation of this incident to support his claim.[33] and alleges the investigation "confirmed that during the staff meeting in question this coworker moved aggressively towards Mr. Otto and could have committed a battery against him."[34] Likewise, Plaintiff claims "[t]he misconduct of this coworker was confirmed by all members of the staff who present [sic] at the meeting where this coworker insulted and then assaulted Mr. Otto."[35] Plaintiff's reliance on what Defendant's investigation "confirmed" about this alleged assault when pleading facts surrounding the alleged assault justifies an examination of the investigation's findings.

The investigation referred to in Plaintiff's Amended Complaint concluded with a report which detailed the findings of the investigation, including confirmation that the alleged assailant "used foul and offensive language" towards Plaintiff.[36] However, this is where the accuracy of Plaintiff's summarization of the investigation's findings ceases. The investigation specifically found: "Based on witness interviews, it could not be substantiated that there was any concern for safety. It was reported that the accused left the office after the incident. Witness interviews support there have not been any other incidents to date."[37] Likewise, the investigation could not substantiate that Plaintiff's supervisor was "favorable of one employee over another," that she

---

[33] Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 30–38.
[34] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 31.
[35] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 34.
[36] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 34; Exhibit B, Investigation Report.
[37] Exhibit B, Investigation Report.

"intended to lie when asked by HR if the situations [sic] was resolved," or that "information about [Plaintiff's] performance was being shared with other team members."[38] This Court should afford no weight to Plaintiff's assertions about the investigation's findings considering the direct contradiction of the actual investigation referenced in his live Complaint. Accordingly, Plaintiff has not adequately pled facts to state a claim that Defendant violated either the Due Process and Equal Protection Clauses of the Fourteenth Amendment and both claims should be dismissed.

(4) Plaintiff's Fourteenth Amendment Claims are Time-Barred.

Plaintiff's claims under the Fourteenth Amendment must also be dismissed because they are time-barred. Plaintiff asserts his Fourteenth Amendment claims through Section 1983.[39] The "general statue of limitations governing personal injuries in the forum state" provides the appropriate statute of limitations for Section 1983 suits. *Pena v. Texas Med. Bd.*, 675 F. App'x 465, 467 (5th Cir. 2017) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). Accordingly, Texas' two-year statute of limitations for personal injuries applies to Plaintiff's Fourteenth Amendment claims brought under Section 1983. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003. Federal law governs the accrual of a Section 1983 claim, however, and the "statute of limitations begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (citing *Piotrowski*, 237 F.3d at 576; *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). Here, the alleged assault or verbal altercation occurred in October 2017, and even assuming that Plaintiff was unaware of any alleged injury, the latest conceivable date for Plaintiff to become aware would be his termination date. Even using Plaintiff's newly pled (and incorrect) "December 2018" termination date, Plaintiff still waited at least 1,039 days after his termination from

---

[38] *Id.*
[39] Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 30–38.

Defendant's employment and 308 days after the limitations period ended to assert his Fourteenth Amendment claims. Accordingly, the statute of limitations has run on Plaintiff's Fourteenth Amendment claims and those must be dismissed for failure to state a claim.

### F. Plaintiff Fails to Allege a Title VI Violation.

Section 601 of Title VI prohibits "any program or activity receiving Federal financial assistance" from discriminating "on the grounds of race, color, or national origin." 42 U.S.C. § 2000d. Title VI claims, however, are not co-extensive with Title VII claims as Title VI statutorily restricts its application to employment discrimination to instances where a "primary objective" of the financial assistance is to provide employment. 42 U.S.C. § 2000d-3. A private individual may sue to enforce Section 601 and obtain both injunctive and monetary relief. *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). However, Title VI only prohibits "instances of intentional discrimination." *Id.* at 280. Here, Plaintiff's Title VI claims must be dismissed as Plaintiff does not plead any facts regarding the "primary objective" of any federal financial assistance nor does Plaintiff plead any facts to indicate that the alleged discrimination was intentional.

(1) <u>Plaintiff Fails to Plead Any Facts Regarding the "Primary Objective" of Any Federal Financial Assistance.</u>

In order to state a cause of action under Title VI, a plaintiff must plead facts that "that the defendant have received federal financial assistance the primary objective of which is to provide employment" and that "that was applied by the defendant to discriminatory programs or activities." *Foster v. Jayden Hosp., LLC*, No. CV 20-359-SDD-SDJ, 2021 WL 4498558, at *4 (M.D. La. Sept. 14, 2021), *report and recommendation adopted*, No. CV 20-359-SDD-SDJ, 2021 WL 4497482 (M.D. La. Sept. 30, 2021) (finding that a plaintiff failed to state a claim for relief under Title VI because plaintiff "makes no assertion, or even indication, that the primary objective of the federal

financial assistance received by Defendants…is to provide employment" or that "such federal assistance was applied by any Defendant to discriminatory programs or activities") (quoting *Alexander v. Newellton Elementary School*, No. 07-1608, 2008 WL 3884339, at *4 (W.D. La. July 21, 2008)). *See also Nat'l Ass'n of Gov't Employees v. City Public Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 706, n. 9 (5th Cir. 1994); *Abron v. Dean Lumber Co.*, No. 2:99CV197, 2002 WL 35634005, at *2 (E.D. Tex. Mar. 14, 2002). Here, Plaintiff has not plead any such facts and his Title VI claims must be dismissed.

(2) <u>Plaintiff Fails to Plead Any Facts Regarding Intentional Discrimination.</u>

A private litigant must "plead facts in support of intentional discrimination" to state a claim for damages under Title VI. *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 626–27 (N.D. Tex. 2017) (quoting *Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x. 559, 561 (5th Cir. 2009) (per curiam). Indeed, if a complaint does not contain "specific allegation of acts that were taken with discriminatory intent," then the complaint does not state a claim for relief for Title VI violations and must be dismissed. *See id.* (citing *Muthukumar v. Univ. of Tex. at Dallas*, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010)). Further, if a Title VI claim does not involve an "official policy," a plaintiff must plead that an "appropriate person had actual knowledge of the discrimination and responded with deliberate indifference." *Id.* at 627 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)).

In his Amended Complaint, Plaintiff pleads that he is a member of a protected class but makes a generalized allegation that, while an employee in Collin's SBDC, "he was subject to disparate treatment and discrimination based on race, color, or national origin resulting in his exclusion from participation and the denial of benefits."[40] Crucially, the Amended Complaint

---

[40] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 76–77.

contains a section entitled "Discrimination Based On Race" which does not plead any specific facts that Defendant intentionally discriminated against Plaintiff based on his race, color, or national original.[41] Neither does the Amended Complaint contain any facts alleging an official policy of discrimination nor that any appropriate person had actual knowledge of the discrimination and responded with deliberate indifference.[42] In fact, Plaintiff's allegations in support of his Title VI claim appear to stop mid-sentence.[43] Accordingly, Plaintiff fails to state a claim for relief under Title VI and such claims must be dismissed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Collin College respectfully requests that Plaintiff Keith V. Otto take nothing by way of all of his claims under the Family Medical Leave Act, Section 504, Title VI, the ADA, and the Fourteenth Amendment; the Court dismiss those claims against Defendant with prejudice; Defendant's reasonable and necessary fees and costs incurred in preparing and defending this Motion are assessed against Plaintiff; and, grant such further relief, both at law and in equity, to which Defendant is justly entitled.

---

[41] *See* Plaintiff's Amended Complaint, Dkt. 29, at ¶¶ 26–44.
[42] *See, generally,* Plaintiff's Amended Complaint, Dkt. 29.
[43] Plaintiff's Amended Complaint, Dkt. 29, at ¶ 78.

Respectfully submitted,

*/s/ Kimberly S. Moore*
**KIMBERLY S. MOORE**
State Bar No. 00784629
ksmoore@clarkhill.com
**CHARLES D. CARTER II**
State Bar No. 24095983
ccarter@clarkhill.com
**CLARK HILL**
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
469.287.3900
469.287.3999 Fax

**ATTORNEY FOR DEFENDANT COLLIN COLLEGE**

## CERTIFICATE OF SERVICE

This is to certify that on this, the 21st day of March 2022, a true and correct copy of the above and foregoing document was served on Plaintiff's counsel of record by operation of the Court's Electronic Filing System in accordance with the Federal Rules of Civil Procedure.

*/s/ Kimberly S. Moore*
**KIMBERLY S. MOORE**