**IN THE UNITED STATES DISTRCT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KEITH V. OTTO** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:21-CV-00948-ALM** |
| | § | |
| **COLLIN COLLEGE,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Defendant Collin County Community College District ("Defendant" or "Collin College") in the above-entitled and numbered cause and files this, its Answer to Plaintiff's Amended Complaint (Dkt. 29, the "Amended Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in the Amended Complaint to the extent possible.

## I.   JURISDICTION

1.      Defendant admits only that, subject to its Second Motion for Partial Dismissal Pursuant to Federal Rule 12(b)(6), the federal court has jurisdiction over Plaintiff's federal claims. Defendant denies the remaining allegations, if any, in Paragraph One of the Amended Complaint.

2.      Defendant admits only that, subject to its Second Motion for Partial Dismissal Pursuant to Federal Rule 12(b)(6), the federal court has supplemental jurisdiction over Plaintiff's state and common law claims. Defendant denies the remaining allegations, if any, in Paragraph Two of the Amended Complaint.

## II.  ADMINISTRATIVE EXHAUSTION & STATUTE OF LIMITATIONS

3.      Defendant admits only that it hired Plaintiff Keith V. Otto ("Plaintiff" or "Otto") on May 13, 2015. Defendant denies the remaining allegations in Paragraph Three of the Amended Complaint.

4.      Defendant admits only that Plaintiff filed a charge of discrimination with the Texas Workforce Commission on or about June 14, 2019. Defendant denies the remaining allegations, if any, in Paragraph Four of the Amended Complaint.

5.      Defendant admits only that Plaintiff received a Dismissal and Notice of Rights letter on or about August 6, 2021. Defendant denies the remaining allegations, if any, in Paragraph Five of the Amended Complaint.

6.      Defendant admits only that Plaintiff filed his original Complaint in the above-entitled and numbered cause on or about November 4, 2021. Defendant denies the remaining allegations, if any, in Paragraph Six of the Amended Complaint.

7.      Defendant denies the allegations in Paragraph Seven of the Amended Complaint.

8.      Defendant admits only that Plaintiff received a Dismissal and Notice of Rights letter on or about August 6, 2021. Defendant denies the remaining allegations, if any, in Paragraph Eight of the Amended Complaint.

## III.      VENUE

9.      Defendant admits only that venue is proper in the Eastern District of Texas, Sherman Division. Defendant denies the remaining allegations, if any, in Paragraph Nine of the Amended Complaint.

## IV.    PARTIES

10.    Defendant admits only that the Plaintiff is Keith Otto. Defendant is without sufficient information with which to admit or deny the remaining allegations in Paragraph Ten of the Amended Complaint; as such, the allegations are denied.

11.    Defendant admits only that Defendant Collin College is a community college located in Collin County, Texas, that Defendant facilitates a program known as the Collin Small Business Development Center ("SBDC"), and that the undersigned counsel are Defendant's attorneys of records for the above-entitled and numbered cause. Defendant denies that the Collin SBDC is a separate entity from Defendant and the remaining allegations, if any, in Paragraph Eleven of the Amended Complaint.

## V.    FACTUAL RESUME

12.    Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Twelve of the Amended Complaint; as such, the allegations are denied.

13.    Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Thirteen of the Amended Complaint; as such, the allegations are denied.

14.    Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Fourteen of the Amended Complaint; as such, the allegations are denied.

15.    Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Fifteen of the Amended Complaint; as such, the allegations are denied.

16.    Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Sixteen of the Amended Complaint; as such, the allegations are denied.

17.    Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Seventeen of the Amended Complaint; as such, the allegations are denied.

18.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Eighteen of the Amended Complaint; as such, the allegations are denied.

19.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph Nineteen of the Amended Complaint; as such, the allegations are denied.

20.     Defendant admits the allegations in Paragraph 20 of the Amended Complaint.

21.     Defendant admits that Plaintiff's employment with Defendant was within the Small Business Development Center ("SBDC"). Defendant denies the remaining allegations, if any, in Paragraph 21 of the Amended Complaint.

22.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph 22 of the Amended Complaint; as such, the allegations are denied.

23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph 26 of the Amended Complaint; as such, the allegations are denied.

27.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph 27 of the Amended Complaint; as such, the allegations are denied.

28.     Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendant admits the allegations in Paragraph 46 of the Amended Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48.     Defendant admits only that Plaintiff's supervisor was aware of Plaintiff's reported conditions following his self-disclosure. Defendant denies the remaining allegations in Paragraph 48 of the Amended Complaint.

49.     Defendant admits only that Plaintiff's supervisor was aware of Plaintiff's reported conditions following his self-disclosure. Defendant denies the remaining allegations in Paragraph 49 of the Amended Complaint.

50.     Defendant admits only that Plaintiff's supervisor required all SBDC business advisors, including Plaintiff, to comply with all relevant policies and contracts including, but not limited to, the workflow requirements for consulting services rendered set forth in the SBDC

Cooperative Agreement (FAIN) between the Small Business Administration, the North Texas SBDC, and the Dallas County Community College District (SBAHQ-18-B-0005 at § VI.B) (the "Cooperative Agreement"). Defendant denies the remaining allegations in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendant admits only that Plaintiff was expected to meet performance expectations with reasonable accommodations. Defendant denies the remaining allegations in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendant admits that all SBDC business advisors, including Plaintiff, were required to comply with the Neoserra data entry requirements as set forth in the Cooperative Agreement and that Plaintiff was not asked nor expected to review his colleague's Neoserra data entries. Defendant denies the remaining allegations in Paragraph 57 of the Amended Complaint.

58.     Defendant denies the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph 61 of the Amended Complaint; as such, the allegations are denied.

62.     Defendant denies the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendant denies the allegations in Paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

## VI.     CLAIMS PURSUANT TO TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

74.     Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

75.     Defendant admits only that Plaintiff alleges a claim pursuant to 42 U.S.C. §2000d *et. seq.*(Title VI of the Civil Rights Act). Defendant denies the remaining allegations in Paragraph 75 of the Amended Complaint.

76.     Defendant is without sufficient information with which to admit or deny the allegations in Paragraph 76 of the Amended Complaint; as such, the allegations are denied.

77.     Defendant denies the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Amended Complaint.

## VII.     CLAIMS PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

79.     Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

80.     Defendant admits only that Plaintiff alleges a claim pursuant to 42 U.S.C. §2000e *et. seq.(*Title VI Iof the Civil Rights Act). Defendant denies the remaining allegations in Paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Amended Complaint.

## VIII.   CLAIMS PURSUANT TO 42 U.S.C. § 1981

82.     Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

83.      Defendant denies the allegations in Paragraph 83 of the Amended Complaint.

84.     Defendant admits only that Plaintiff alleges he "was subjected to a Hostile Work Environment." Defendant denies the remaining allegations in Paragraph 84 of the Amended Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Amended Complaint.

## IX.     CLAIMS PURSUANT TO THE AMERICANS WITH DISABILITIES ACT

86.     Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

87.     Defendant admits only that Plaintiff alleges a claim pursuant to the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq*. ("ADA"). Defendant denies the remaining allegations in Paragraph 87 of the Amended Complaint.

88.     Defendant admits only that Plaintiff claims he is a qualified individual with a disability.  Defendant denies the remaining allegations in Paragraph 88 of the Amended Complaint.

89.     Defendant admits that it is subject to the ADA. Defendant denies the remaining allegations in Paragraph 89 of the Amended Complaint.

90.     Defendant admits that it is subject to the ADA. Defendant denies the remaining allegations in Paragraph 90 of the Amended Complaint.

91.     Defendant admits that it is subject to the ADA. Defendant denies the remaining allegations in Paragraph 91 of the Amended Complaint.

92.     Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

**X.     CLAIMS PURSUANT TO THE REHABILITATION ACT OF 1973**

93.     Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

94.     Defendant admits only that Plaintiff claims he is a qualified individual with a disability.  Defendant denies the remaining allegations in Paragraph 94 of the Amended Complaint.

95.     Defendant admits only that Plaintiff was an employee of Defendant and claims he has disabling conditions. Defendant denies the remaining allegations in Paragraph 95 of the Amended Complaint.

96.     Defendant denies the allegations in Paragraph 96 of the Amended Complaint.

97.     Paragraph 97 is a legal assertion to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in is without sufficient Paragraph 97 of the Amended Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Amended Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Amended Complaint.

**XI.    CLAIMS PURSUANT TO THE FAMILY MEDICAL LEAVE ACT**

101.    Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

102.    Defendant admits only that Plaintiff alleges a claim pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601. Defendant denies the remaining allegations in Paragraph 102 of the Amended Complaint.

103.    Defendant admits only that Plaintiff alleges a claim pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601. Defendant denies the remaining allegations in Paragraph 103 of the Amended Complaint.

## XII.    CLAIMS PURSUANT TO THE FOURTEENTH AMENDMENT

104.    Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

105.    Defendant admits only that Plaintiff alleges a claim pursuant to the Fourteenth Amendment. Defendant denies the remaining allegations in Paragraph 105 of the Amended Complaint.

106.    Defendant denies the allegations in Paragraph 106 of the Amended Complaint.

107.    Defendant denies the allegations in Paragraph 107 of the Amended Complaint.

## XIII.    RATIFICATION AND RESPONDEAT SUPERIOR

108.    Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

109.    Defendant denies the allegations in Paragraph 109 of the Amended Complaint.

110.    Defendant denies the allegations in Paragraph 110 of the Amended Complaint.

111.    Defendant denies the allegations in Paragraph 111 of the Amended Complaint.

## XIV.    PROXIMATE CAUSE

112.    Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

113.    Defendant denies the allegations in Paragraph 113 of the Amended Complaint.

## XV.    DAMAGES

114.    Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

115.    Defendant denies the allegations in Paragraph 115 of the Amended Complaint.

## XVI.    ATTORNEYS' FEES

116.    Defendant incorporates its responses to the preceding Paragraphs as if fully set forth herein.

117.    Defendant admits only that Plaintiff retained the attorneys undersigned on the Amended Complaint and that those attorneys filed the Amended Complaint. Defendant denies that Plaintiff retained those attorneys to file this lawsuit. Defendant denies the remaining allegations, if any, in Paragraph 117 of the Amended Complaint.

## XVII.    DEMAND FOR A JURY TRIAL

118.    Defendant admits that Plaintiff demanded a jury trial.

## XVIII. COLLIN COLLEGE'S AFFIRMATIVE DEFENSES

Without waiving liability as to any of Plaintiff's causes of action, Defendant Collin College asserts the following affirmative defenses.

A.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

B.    Collin College asserts that at all times it complied with applicable state and federal laws with respect to Plaintiff's employment.

C.    Any and all of Defendant's employment decisions taken by Collin College with respect to the termination of Plaintiff's employment were based on neutral, non-discriminatory,

and/or non-retaliatory reasons that were unrelated to Plaintiff's alleged disability, race, age, national origin or based on retaliation.

        D.     To the extent applicable, Collin College affirmatively states that some of Plaintiff's claims may be barred by the applicable statutes of limitation.

        E.     Collin College affirmatively states that Plaintiff's claims should be dismissed to the extent that applicable claims were not submitted to the EEOC and/or the applicable state agency in a timely charge of discrimination, and therefore; Plaintiff failed to exhaust his administrative remedies and failed to perfect jurisdictional prerequisites.

        F.     Collin College affirmatively states that all times relevant to Plaintiff's Complaint, Collin College has complied with applicable state and federal laws with regard to Plaintiff.

        G.     Collin College affirmatively states that applicable claims predicated upon conduct occurring more than 300 days prior to the filing her charge of discrimination with the Equal Employment Opportunity Commission and 180 days with the Texas Workforce Commission Nevada are time-barred.

        H.     Collin College asserts that Plaintiff is not entitled to relief because conditions precedent to the institutions of this action has not been satisfied.

        I.     As a prevailing party, Collin College seeks the recovery of its costs and, as available, reasonable attorneys' fees.

        J.     Plaintiff has failed to mitigate his damages, if any.

        K.     Collin College reserves the right to assert additional affirmative defenses as they become apparent through discovery.

## XIX.   PRAYER

WHEREFORE, Defendant Collin College denies that Plaintiff Keith V. Otto is entitled to any of

the relief sought herein, and respectfully requests the following:

(1)     Deny the relief requested in Plaintiff's Amended Complaint;

(2)     Dismiss this action in its entirety;

(3)     Plaintiff takes nothing;

(4)     Grant Defendant its costs and reasonable attorneys' fees incurred herein;

(5)     Grant Defendant such other and further relief at law and equity as the Court

        deems just.


                              Respectfully submitted,


                                _/s/ Kimberly S. Moore_____
                              **KIMBERLY S. MOORE**
                              State Bar No. 0784629
                              ksmoore@clarkhill.com
                              **CHARLES D. CARTER II**
                              State Bar No. 24095983
                              ccarter@clarkhill.com
                              **CLARK HILL**
                              2600 Dallas Parkway
                              Suite 600
                              Frisco, TX   75034
                              469.287.3922
                              469.227.6563 Fax

                              **ATTORNE FOR DEFENDANT
                              COLLIN COLLEGE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 21st day of March, 2022, the above and foregoing was filed utilizing the court's ECF system and all parties were served in accordance with the Federal Rules of Civil Procedure.

*/s/ Kimberly S. Moore*

Kimberly S. Moore
